**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DOUGLAS E. CAMPBELL, #30685-048, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-463 LY |
| | § | |
| WARDEN MAYE, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's Writ of Habeas Corpus Under 28 U.S.C. § 2241, § 1651 Shall Extend to Prisoner in Custody in Violation of the Constitution and Laws of the United States of America–Land of the Free, filed June 24, 2010 (Clerk's Dkt. #1).   After considering the pleadings, the record, and the relevant law, the Magistrate Court issues the following Report and Recommendation.

**I.  BACKGROUND**

Petitioner Douglas E. Campbell ("Campbell") pled guilty in the United States District Court for the Western District of Wisconsin to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  Petitioner was sentenced to 245 months imprisonment, followed by a five year term of supervised release.  Judgment was entered on March 5, 1996.

Petitioner appealed.  He raised five issues in his pro se brief: (1) due process was violated

because he was denied the procedural protections spelled out in 21 U.S.C. § 851, which apply to defendants subject to enhanced penalties under 21 U.S.C. § 841(b)(1); (2) applying the "career offender" provision of U.S.S.G. §4B1.1 when one of the predicate convictions was obtained prior to the enactment of the sentencing guidelines violates the Ex Post Facto Clause; (3) one of the predicate convictions for the career offender enhancment was invalid; (4) his sentence was illegal because he was not given a three-point downward departure for substantial assistance under U.S.S.G. §5K1.1; and (5) his trial counsel was ineffective.  The Seventh Circuit affirmed, finding the first four arguments were without merit, and declining to rule on the claim of ineffective assistance of counsel as more properly raised in a post conviction motion under 28 U.S.C. § 2255. *United States v. Campbell*, 182 F.3d 923 (7th Cir. 1999) (table).

In May 2000 Petitioner filed a collateral attack on his conviction and sentence pursuant to 28 U.S.C. § 2255 in the Western District of Wisconsin.  He contended he was deprived of adequate assistance of counsel because his attorney failed to challenge the sentencing court's calculation of drug quantity and the trial court imposed a sentence beyond that authorized by statute, among other issues.  The trial court denied relief.  Campbell appealed.  The Seventh Circuit granted a certificate of appealability as to three issues: (1) whether *United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757 (1989) precludes a defendant who pled guilty from raising an issue based on the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) on collateral review; (2) whether Campbell's sentence of 245 months was lawful in light of *Apprendi* because the drug quantity was not alleged in the indictment; and (3) whether *Apprendi* applies retroactively to first time habeas petitions.

In an opinion dated October 16, 2001, the Seventh Circuit denied Campbell's motion for post-conviction relief.  The appellate court easily concluded Campbell was not precluded from raising an *Apprendi* issue because he had expressly preserved his appellate rights in his plea

agreement.  The court further found Petitioner's *Apprendi* claim was procedurally barred because he had not raised it on direct appeal, noting although *Apprendi* was decided after the filing of Campbell's post-conviction motion, he nonetheless made an *Apprendi*-type argument in the motion, thus the argument was not novel prior to the date *Apprendi* was decided.  The Seventh Circuit also pointed out Campbell could not establish prejudice from the purported *Apprendi* violation because he admitted during the plea colloquy and in his section 2255 motion to involvement with a quantity of methamphetamine sufficient to support the application of 21 U.S.C. § 841(b)(1)(A).  *Campbell v. United States*, 27 Fed. App'x 614 (7th Cir. 2001).  Campbell sought and was denied a petition for writ of certiorari.  *Campbell v. United States*, 534 U.S. 1098, 122 S. Ct. 851 (2002).

While his appeal was pending, petitioner filed a motion in the Western District of Wisconsin for disclosure of grand jury matters.  The district court denied the motion.  Petitioner re-urged the motion after his appeal was decided.  The district court again denied the motion, rejecting Campbell's arguments concerning his need for the information to attack the validity of the indictment underlying his conviction, holding Campbell had long since waived any such error.  Campbell appealed.   The Seventh Circuit affirmed, noting Campbell's guilty plea had waived any challenge to the indictment or other matters preceding the plea, and concluded "[t]here is accordingly no other judicial proceeding in which the grand jury materials could be used."  *United States v. Campbell*, 324 F.3d 497, 499 (7th Cir. 2003).

In July 2006, Campbell filed a petition for habeas relief in this Court pursuant to 28 U.S.C. § 2241.  In that petition, Campbell again attacked the validity of his conviction and sentence by claiming: (1) he was not informed a consequence of pleading guilty would involve being sentenced as a career offender; (2) his plea agreement was breached; (3) he is actually innocent of the career offender enhancement; (4) the enhancement of his sentence violated both his rights to due process and equal protection; (5) he was denied a proper hearing regarding the quantity of drugs used to

determine his sentence; (6) there is an insufficient factual basis to support the validity of his plea; and (7) the indictment was fatally defective.  The undersigned recommended that the District Court deny the petition because his claims were not proper in a section 2241 habeas petition.  District Judge Lee Yeakel adopted that recommendation, over petitioner's objection, and denied Campbell's petition on March 17, 2008.  *Campbell v. Luna*, No. 1:06-CV-569-LY (W.D. Tex.).  Petitioner appealed.  The Fifth Circuit affirmed.  *Campbell v. Luna*, 338 Fed. App'x 354 (5th Cir. 2009).

Mere weeks after his appeal was decided, Campbell filed another petition in this Court seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In that petition, Campbell claimed: (1) his career offender enhancement is not supported by sufficient evidence and he has new evidence which demonstrates he was not convicted of the crimes which formed the basis of his career offender enhancement; (2) Warden Claude Maye is exceeding his authority by continuing to incarcerate petitioner despite the invalidity of the career offender enhancement; (3) cause and prejudice exists to permit his assertion that he innocent of the crimes which served as the basis of the career offender enhancement; (4) the prosecutor withheld evidence that he was actually innocent of the crimes which led to the imposition of the career offender enhancement; (5) the Fifth Circuit improperly dismissed his prior appeal; (6) he was not informed, prior to his plea, that he would be sentenced as a career offender; and (7) the State of Texas never convicted him of the prior crimes which formed the basis of the career offender enhancement.  The undersigned recommended that the District Court deny the petition because his claims were not properly raised in a section 2241 habeas petition.  District Judge Lee Yeakel adopted that recommendation, over petitioner's objection, and denied Campbell's petition on September 30, 2009.  *Campbell v. Maye*, No. 1:09-CV-580-LY (W.D. Tex.).  Petitioner did not appeal.

Campbell has now filed his third petition in this Court attacking the validity of his conviction

and seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In his most recent petition, Campbell contends: (1) his sentence exceeds the maximum sentence authorized for the charge of which he was convicted: (2) he is "actually innocent" of the career offender enhancement applied to increase his sentence; (3) he was constructively and actually denied counsel during state proceedings resulting in convictions wrongly used to apply the career offender enhancement to his sentence; (4) his protection against double jeopardy was violated when judgments were entered twice in state proceedings resulting in convictions wrongly used to apply the career offender enhancement to his sentence; (5) he received ineffective assistance of counsel in the trial court and on appeal (6) on direct appeal, the court entered a "lawless resentencing judgment;" and (6) the government breached his plea agreement.

## II.  DISCUSSION

Upon receipt of a writ of habeas corpus, a court must conduct an initial review to determine whether it has merit before directing the respondent to show cause why the writ should not be granted.  28 U.S.C. § 2243.  In so doing, the Court must first determine whether Campbell's claims are properly raised in a section 2241 habeas petition.  A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  *Id.* at 877-78.  However, the savings clause of section 2255 permits a petitioner to seek habeas relief under section 2241 when the remedy provided under section 2255 is inadequate or ineffective.  *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  A section 2241 petition is not, however, a substitute for a motion under section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of section 2255 rests

on the petitioner.  *Jeffers*, 253 F.3d at 830.

A petitioner must satisfy two factors to show inadequacy or ineffectiveness.    First, his claims must be based on a retroactively applicable Supreme Court decision establishing he may have been convicted of a nonexistent offense.  *Wesson v. United States Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena*, 243 F.3d at 904).  Second, petitioner must show his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.  *Id.*  Section 2255 is not inadequate or ineffective merely because the petitioner has previously been denied relief under that section.  *Jeffers,* 253 F.3d at 830.  Nor does the inability to meet the AEDPA's second or successive requirement render § 2255 inadequate or ineffective.  *Id*.  Further, the unavailability of § 2255 relief because of the one-year statute of limitations does not make the remedy "inadequate" or "ineffective."  *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)

Petitioner implicitly acknowledges his attacks on his conviction and sentence would be properly raised in a section 2255 petition.  However, he urges this Court to consider that remedy inadequate and ineffective in his case.  Campbell first argues that a motion pursuant to section 2255 would be ineffective because both the convicting court and the Seventh Circuit have refused to grant him relief under section 2255 on either his first or second applications although his conviction and imprisonment are unconstitutional.  The mere denial of relief in a prior application does not, however, render the remedy under section 2255 inadequate or ineffective.  *Jeffers,* 253 F.3d at 830.

Petitioner also contends the remedy under section 2255 is inadequate or ineffective because he is actually innocent.  The undersigned notes, as set forth above, this is the third time

6

Petitioner has sought to attack his conviction and sentence in this Court by way of a petition under section 2241. This is also the third time he has argued he is entitled to seek relief under that section because he is "actually innocent." Once again, Petitioner claims he is "actually innocent" of the career enhancement applied to increase his sentence.

On each of the two prior occasions Campbell has raised this argument the undersigned has identified the applicable case law which hold such a claim is not sufficient to meet the savings clause of section 2255. *See Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim of actual innocence of career offender enhancement not properly raised in section 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement). *See also Hartfield v. Joslin*, 235 Fed. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career enhancement is not claim sufficient to satisfy savings clause criteria). Thus, for the third time, the undersigned concludes Campbell has failed to meet his burden of demonstrating that the remedy available to him under 28 U.S.C. § 2255 is inadequate or ineffective. Accordingly, he cannot rely on the savings clause of section 2255 to bring this motion under 28 U.S.C. § 2241, thus this action should be dismissed.

In addition, the undersigned notes that despite repeated orders from this Court and the convicting court, as well as the Fifth anc Seventh Circuit, Campbell continues to file and pursue legal action attacking the validity of his conviction and sentence. In each successive case, Petitioner continues to seek relief based on the same legal arguments. Clearly, his conduct constitutes a misuse and abuse of the legal system.

Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments,

7

procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (courts may impose regulatory injunctions designed to prohibit filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989) (litigants have no constitutional right of access to courts to prosecute action that is frivolous or malicious and district court has power to enjoin litigants who abuse court system). *See generally, McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish pro se litigants for abusing judicial system by filing multiple frivolous lawsuits).

Accordingly, the undersigned recommends the District Court enter an order directing Petitioner to refrain from filing any pleadings attacking his conviction and sentence and ordering the Clerk of the Court not to file any pleadings, motions or suits which assert claims which must be brought under 28 U.S.C. § 2255 until Campbell has received permission from a federal judicial officer to do so.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** the District Court **DISMISS** Petitioner's Writ of Habeas Corpus Under 28 U.S.C. § 2241, § 1651 Shall Extend to Prisoner in Custody in Violation of the Constitution and Laws of the United States of America–Land of the Free, filed June 24, 2010 (Clerk's Dkt. #1).

The undersigned **FURTHER RECOMMENDS** that the District Court enter an order directing Petitioner to refrain from filing any pleadings attacking his conviction and sentence and ordering the Clerk of the Court not to file any pleadings, motions or suits which assert claims which must

be brought under 28 U.S.C. § 2255 until Campbell has received permission from a federal judicial officer to do so.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30TH day of June, 2010.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE